ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| GLADYS FIGUEROA MONSERRATE<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrido | KLRA202400139 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. 2008-10-0369<br><br>Sobre: CLASIFICACIÓN DE PUESTO |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, la señora Gladys Figueroa Monserrate, (en adelante, señora Figueroa Monserrate o parte recurrente), quien solicita la revisión de la *Resolución Sumaria Enmendada* emitida el 22 de enero de 2024 y notificada el 24 de enero de 2024 por la Oficina de Apelaciones del Sistema de Educación, (en adelante, OASE). El 7 de febrero de 2024, la parte recurrente radicó una moción en *Solicitud de Reconsideración* de la cual, la OASE no actuó. El Departamento de Educación, (en adelante, Educación o agencia recurrida) compareció con su *Escrito en Cumplimiento de Resolución* por conducto de la Oficina del Procurador General.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable antes nuestra consideración, *revocamos* el dictamen mediante los fundamentos que expondremos a continuación.

**-I-**

La señora Figueroa Monserrate ostentó un puesto de Auxiliar Administrativo II en la División de Nómina del Departamento de Educación desde octubre de 2002. El 12 de enero de 2005, la señora Figueroa Monserrate solicitó una reclasificación como Auxiliar Administrativo III que fue evaluada preliminarmente por la Secretaría Auxiliar de Recursos Humanos del Departamento de Educación.[1] De dicha evaluación se desprendía que cualificaba para la clase de Auxiliar Administrativo III por su experiencia y preparación académica.[2] El 3 de septiembre de 2008 la parte recurrente recibió comunicación de la Directora de Finanzas fechada el 26 de agosto de 2008, denegando la solicitud de reclasificación. En esencia, adujo que el puesto de Auxiliar Administrativo III requería funciones de supervisión y la parte recurrente no realizaba tales funciones.[3]

Posteriormente, el 1 de octubre de 2008 la parte recurrente presentó un *Recurso de Apelación* ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (en adelante, CASP).[4] En síntesis, arguyó que ocupaba un puesto de Auxiliar Administrativo II desde hacía seis (6) años y no había sido promovida. Añadió que, en una evaluación anterior le indicaron de manera preliminar que, ella cualificaba para una reclasificación. Es por ello que, "[a] tenor con lo previamente

---

[1]Apéndice C del Recurso de Revisión Judicial, pág. 249.
[2]Apéndice C del Recurso de Revisión Judicial, págs. 249 a 264.
[3]Apéndice D del Recurso de Revisión Judicial, págs. 262 a 264.
[4]Apéndice E del Recurso de Revisión Judicial, págs. 265 a 276. **Nota**: Si bien se presentó la radicación del caso ante la CASP, es menester destacar que mediante el Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, artículo 1, se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público como la nueva Comisión Apelativa del Servicio Público. Al momento de la aprobación de la Ley Núm. 85-2018, el caso de la señora Figueroa Monserrate no había sido atendido, por lo que según las disposiciones de la Ley Núm. 85-2018, el caso fue trasladado ante la consideración de la OASE. A su vez, el Reglamento de la OASE al momento de la implementación de la Ley Núm. 85-2018 lo era el Reglamento Núm. 9099, aprobado el 29 de mayo de 2019, y el vigente al momento de radicarse la Apelación. Al presente, la vigencia del Reglamento de la OASE corresponde al Reglamento Núm. 9412, aprobado el 25 de octubre de 2022.

esbozado, es la solicitud de la apelante ser reclasificada a Auxiliar Administrativo III ya que desde el 2002, hace ya seis (6) años, ocupa el puesto de Auxiliar Administrativo II en la División de Nóminas y no ha sido reclasificada, a pesar de haberlo así solicitado, y de su evaluación del año 2005 la cual indica que cualifica para el puesto de Auxiliar Administrativo III. [...] Se solicita de esta Honorable Comisión declare con lugar la presente apelación y en su consecuencia revoque la decisión del Departamento de Educación contenida en la carta fechada 26 de agosto de 2008 [...]".[5] **Efectivo, el 1 de enero de 2011 la parte recurrente se acogió a los beneficios del retiro**.

Según se desprende del expediente, el 19 de noviembre de 2010 la agencia recurrida contestó la Apelación y ambas partes elaboraron un *Informe de Conferencia entre Abogados con Antelación a la Vista*.[6] Asimismo, los casos presentados ante la CASP fueron trasladados a la OASE por disposición de la Ley Núm. 85-2018.

Así las cosas, el 14 de febrero de 2023 la OASE dictó una *Orden* dirigida a la señora Figueroa Monserrate, para que mostrara causa por la cual no procedía imponerle sanciones por el incumplimiento con las órdenes dictadas en una vista celebrada el 1 de febrero de 2023. El 23 de febrero del mismo año, la entonces representación legal de la parte recurrente presentó una *Moción Informativa y en Solicitud de Representación Legal*.[7] El mismo informó que finalizaría funciones en el bufete Cancio, Nadal, & Rivera, L.L.C., (en adelante, bufete), quienes estaban a cargo del caso de la señora Figueroa Monserrate. El 27 de febrero de 2023 y notificada el 28 de febrero de 2023, la OASE emitió *Orden* donde denegó el relevo de la representación legal hasta que se cumpliera

---

[5] Apéndice E del Recurso de Revisión Judicial, pág. 273.
[6] Apéndice K del Recurso de Revisión Judicial, págs. 300-311
[7] Apéndice F del Recurso de Revisión Judicial, págs. 277-278.

con la *Orden* del 14 de febrero de 2023.[8] El 1 de marzo de 2023 la parte recurrente presentó *Moción en Cumplimiento de Orden.*[9]

El 2 de junio de 2023 la OASE determinó que era académica la renuncia de la representación legal e instruyó al bufete a que en un término de cinco (5) días anunciara su abogado. **Además, ordenó que en veinte (20) días se mostrara causa por la cual no se debía desestimar la reclamación por falta de causa de acción que ameritase la concesión de un remedio, por ser académica y no tener jurisdicción sobre la persona, toda vez que del expediente surgía que, la señora Figueroa Monserrate se retiró el 1 de enero de 2011**.[10] Esta notificación fue remitida al correo electrónico del letrado que había sido relevado por la propia OASE del caso de la recurrente.

Con fecha del 22 de enero de 2024 y notificada el 23 de enero de 2024, la OASE emitió una primera *Resolución Sumaria* mediante la cual resolvió desestimar por academicidad. La misma se le notificó a la señora Figueroa Monserrate a las direcciones de correo electrónicos que correspondían a dos secretarias del Bufete Cancio, Nadal & Rivera, LLC. Subsiguientemente, el 24 de enero de 2024, la OASE emitió una *Resolución Sumaria Enmendada,* a los únicos efectos de notificar a la señora Figueroa Monserrate a su dirección.[11] El 7 de febrero de 2024 la parte recurrente presentó *Moción de Reconsideración.*[12] La OASE no actuó sobre la *Moción de Reconsideración.*

Inconforme, el 18 de marzo de 2024, la parte recurrente presentó el *Recurso de Revisión* que nos ocupa en el cual señaló los siguientes señalamientos de error:

PRIMERO: ERRÓ LA OASE AL DESESTIMAR LA APELACIÓN SOBRE UN PRIMER INCUMPLIMIENTO

---

[8] Apéndice G del Recurso de Revisión Judicial, págs. 279-280.
[9] Apéndice H del Recurso de Revisión Judicial, págs. 281- 299.
[10] Apéndice I del Recurso de Revisión Judicial, págs. 290 a 291.
[11] Apéndice J del Recurso de Revisión Judicial, págs. 290 a 291.
[12] Apéndice B del Recurso de Revisión Judicial, págs. 9-248.

DE LA PARTE RECURRENTE SIN ANTES HABER APERCIBIDO SOBRE EL MISMO, SIN HABER CONCEDIDO LA OPORTUNIDAD DE RESPONDER A LA REPRESENTACIÓN LEGAL DE LA RECURRENTE Y MEDIANTE UNA NOTIFICACIÓN INADECUADA.

SEGUNDO: ERRÓ LA OASE AL DESESTIMAR CON PERJUICIO LA APELACIÓN AL DETERMINAR QUE NO TIENE JURISDICCIÓN EN EL PRESENTE CASO POR LA RECURRENTE HABERSE ACOGIDO A LOS BENEFICIOS DE LA JUBILACIÓN POR LO QUE LA CONTROVERSIA SE TORNÓ EN ACADÉMICA.

TERCERO: ERRÓ LA OASE AL RESOLVER MEDIANTE RESOLUCIÓN SUMARIA SIN QUE HAYA SIDO SOLICITADO POR LAS PARTES EN CONJUNTO, SIN LA CELEBRACIÓN DE UNA VISTA FORMAL Y SIN HABERSE CUMPLIDO CON LA REGLAMENTACIÓN DE LA OASE, EN CLARA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

Con la comparecencia de las partes, examinado el recurso en su totalidad, procedemos a exponer el derecho aplicable en aras de resolver.

## -II-

### -A-

La Constitución de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Artículo II, Sec. 7, LPRA, Tomo 1. Este derecho está protegido de igual forma por la Quinta y Decimocuarta Enmienda de la Constitución de Estados Unidos. LPRA, Tomo 1. Es sabido que, el debido proceso de ley se manifiesta en dos (2) vertientes: la sustantiva y la procesal. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018); *Domínguez Castro et al. v. ELA I*, 178 DPR 1, 35 (2010). Por una parte, el enfoque de la vertiente sustantiva es proteger y salvaguardar los derechos fundamentales de las personas. Mientras que, la vertiente procesal obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo y equitativo. *Fuentes Bonilla v. ELA et al.*, *supra*; *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 887–888 (1993).

Estas garantías constitucionales se extienden no solo al ámbito judicial sino también al administrativo. *PVH Motor, LLC v. Junta de Subastas*, 209 DPR 122, 130-131 (2022). En virtud de la función adjudicativa que ostentan las agencias administrativas, se les han extendido las garantías del debido proceso de ley. *Báez Díaz v. ELA*, 179 DPR 605, 623 (2010). Así pues, el debido proceso de ley procesal reconoce como mínimo ciertas garantías, a saber: **(1) la notificación adecuada del proceso**; (2) el proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado, y (6) que la decisión se base en el expediente. *PVH Motor, LLC v. Junta de Subastas*, *supra*, págs. 130-131. (Énfasis suplido).

En lo pertinente, el debido proceso de ley exige a las agencias administrativas notificar adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. *Román Ortiz v. OGPe*, 203 DPR 947, 954 (2020). Por consiguiente, una notificación defectuosa, o la ausencia de ésta, incide sobre los derechos de las partes, enervando así las garantías procesales que estamos llamados a proteger. *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008). Lo anterior debido a que, es a partir de la notificación que comienzan a transcurrir los términos establecidos para reconsiderar o revisar el dictamen ante el foro apelativo correspondiente. **Por tanto, la ausencia de una notificación adecuada a una parte en un proceso administrativo de un dictamen sujeto a reconsideración o revisión judicial conlleva que los términos provistos para ello no comiencen a transcurrir. En consecuencia, el foro revisor o apelativo carece de jurisdicción para atender en los méritos cualquier cuestionamiento del dictamen emitido**. *Maldonado v. Junta*, 171 DPR 46, 57-58 (2007).

**-B-**

La Ley 85-2018, 3 LPRA sec. 9801 *et seq.*, conocida como la *Ley de Reforma Educativa de Puerto Rico,* se aprobó a los fines de establecer la nueva política pública del Gobierno de Puerto Rico en el área de educación.[13] Como parte de la creación de la antedicha Ley, se desarrolló también la Oficina de Apelaciones del Sistema de Educación (OASE) que estaría a cargo de tramitar y revisar aquellas determinaciones finales relativas ante la agencia. Es por ello que, se promulgó el Reglamento de la Oficina de Apelaciones del Sistema de Educación.[14]

Expresamente el Reglamento Núm. 9412. dispone sobre la jurisdicción de la OASE:

> **ARTICULO 4-JURISDICCIÓN**
> Este reglamento aplicará a todas las apelaciones presentadas por aquellos empleados no sindicados del Departamento de Educación inconformes con una resolución, orden o determinación final sobre asuntos de personal, a tenor con lo dispuesto en la Ley núm. 85-2018, *supra.* No incluye a empleados por contrato, quienes tendrán que recurrir al foro judicial para impugnar cualquier determinación final sobre asuntos de personal relacionados con las cláusulas de su contrato.[15]

De igual manera, en la Sección 6.4 sobre **Notificaciones** dispone en el artículo 6.4.2:

> **6.4.2. Por la oficina- <u>esta notificara toda orden o resolución a los abogados de las partes</u> o a las partes <u>directamente</u>, en caso de que hayan comparecido por derecho propio, mediante envío a la dirección de correo electrónico provista en el expediente del caso. <u>En caso de que los abogados de las partes o las propias partes no tengan dirección de correo electrónico, se notificará toda orden o resolución mediante correo certificado a la dirección provista en el escrito de apelación.</u>** La notificación incluirá una copia de la orden o resolución. Será obligación de los

---

[13] La Ley Núm. 85-2018, *supra*, derogó la Ley Núm. 149-1999, según enmendada, conocida como la *Ley Orgánica del Departamento de Educación de Puerto Rico.*

[14] Al momento de radicarse la Apelación de la señora Figueroa Monserrate el Reglamento vigente era el Reglamento Núm. 6743 aprobado el 23 de diciembre de 2003. Posteriormente éste fue enmendado por el Reglamento Núm. 7294 aprobado el 14 de febrero de 2007, que a su vez fue enmendado y derogado por el Reglamento Núm. 8037, aprobado el 21 de junio de 2011. De igual forma, el Reglamento de Personal antes dicho y sus enmiendas fueron derogados por el Reglamento Núm. 9180 aprobado el 17 de junio de 2020.

[15] Este artículo mantiene idéntica redacción y numeración en el Reglamento Núm. 9099 y el Reglamento Núm. 9412.

abogados o las partes mantener su dirección postal y correo electrónico actualizada ante la Oficina de Apelaciones.[16] (Énfasis suplido).

Finalmente, como parte de su declaración de política pública, sobre la adjudicación sumaria de casos ante la OASE, el Reglamento Núm. 9412 establece en sus artículos 12.1 y 12.2 lo siguiente:

**Artículo 12.1 – Adjudicación sumaria de casos**
**En cualquier caso[,] en el que el juez administrativo tenga ante sí una controversia de derecho, podrá emitir una resolución sumaria sin sujeción a ningún otro trámite procesal**. (Énfasis nuestro).

**Artículo 12.2 – Solicitud de resolución sumaria**
Concluido el término para efectuar el descubrimiento de prueba, las partes podrán solicitar la resolución sumaria del caso. La parte que se oponga a una solicitud de resolución sumaria tendrá un término de diez (10) días calendario a partir de la notificación de la solicitud para presentar su oposición. Si luego de evaluar la solicitud de resolución sumaria, la oposición a dicha solicitud y los documentos contenidos en el expediente de la agencia el juez administrativo determina que no es necesario celebrar una vista para adjudicar la(s) controversia(s) podrá dictar resolución sumaria final o parcial resolviendo la(s) controversia(s) entre las partes.

Es menester destacar que los artículos previamente mencionados, mantienen idéntica redacción y numeración a los artículos 12.1 y 12.2 respectivamente del Reglamento Núm. 9099, *supra*.

### -III-

La señora Figueroa Monserrate recurre ante este Tribunal señalando tres (3) errores por parte de la OASE. Con el beneficio de la comparecencia de ambas partes y el derecho aplicable, procedemos a resolver los errores en conjunto por estar intrínsecamente relacionados.

En el caso de epígrafe, la señora Figueroa Monserrate presentó el recurso de *Revisión Administrativa*, mediante el cual alega que la notificación de la *Orden* con fecha del 2 de junio de 2023

---

[16] Este artículo mantiene idéntica redacción entre el Reglamento Núm. 9412 y el Reglamento Núm. 9099, donde estaba numerado en el artículo 6.5(b).

fue defectuosa ya que la OASE se limitó a notificar la misma por conducto del abogado que ya había renunciado y relevado del caso el 23 de febrero de 2023. La referida *Orden* le concedía un término a la señora Figueroa Monserrate para que: (1) presentara su nueva representación legal en un término de cinco (5) días y (2) mostrara causa por la cual no se debía desestimar la reclamación por falta de causa de acción que ameritara la concesión de un remedio, por ser académica y no haber jurisdicción sobre la persona, toda vez que del expediente surge que la aquí parte recurrente se retiró el 1 de enero de 2011.[17]

Así las cosas, el Juez Administrativo de la OASE emitió una *Resolución Sumaria* el 22 de enero de 2024 mediante la cual desestimó con perjuicio la apelación presentada por academicidad. La señora Figueroa Monserrate arguye que dicha *Resolución Sumaria* fue notificada por conducto de los correos electrónicos de dos secretarias del bufete Cancio, Nadal & Rivera, LLC, quienes no eran parte del caso de epígrafe ni fungían como sus representantes legales. Asimismo, el 24 de enero del mismo año, la OASE emitió una *Resolución Sumaria Enmendada*, a los únicos efectos de notificar a la parte recurrente a su dirección.

Por los hechos anteriores, la parte recurrente presentó el recurso de marras, en el cual alega que no procede la desestimación sumaria del caso sin previamente contar con su postura, como parte afectada. Además, sostiene que la OASE violentó las garantías que le reconoce el debido proceso de ley. *Le asiste la razón.*

Resolvemos que la OASE violentó el debido proceso de ley de la señora Monserrate Figueroa al no notificar correctamente la *Orden* para mostrar causa del 2 de junio de 2023. A tenor con el derecho esbozado, el debido proceso de ley en su vertiente procesal

---

[17] Apéndice I del Recurso de Revisión Judicial, págs. 290 a 291.

garantiza, como mínimo, una notificación adecuada. Reiteramos que, dicho proceso exige que las partes sean notificadas de toda orden o resolución que se produzca durante el trámite. *Román Ortiz v. OGPe, supra,* pág. 954. Por consiguiente, el debido proceso de ley procesal le reconoce a la señora Monserrate Figueroa la garantía de una notificación adecuada en el caso que la parte recurrente instó. Así pues, queda meridianamente claro que la OASE tenía la obligación de notificar directamente a la recurrente.

En el caso de epígrafe, no se notificó la *Orden* a la parte recurrente donde debía mostrar causa por la cual no se debía desestimar su reclamación por academicidad. Esto debido a que la notificación fue hecha a un abogado que ya había renunciado y había sido relevado del caso. Por lo tanto, la parte recurrente no pudo cumplir con lo ordenado por la OASE en la referida *Orden.* Por todo lo anterior, resulta forzoso concluir que la notificación efectuada en la *Orden* no fue adecuada, violentando así el debido proceso de ley de la señora Figueroa Monserrate.

De igual manera, el artículo 6.4.2 del Reglamento Núm. 9412, *supra,* dispone que la OASE "notificará toda orden o resolución a los abogados de las partes o a las partes directamente, en caso de que hayan comparecido por derecho propio, mediante envío a la dirección de correo electrónico provisto en el expediente del caso". Además, establece que "se notificará toda orden o resolución mediante correo certificado a la dirección provista en el escrito de apelación", cuando los abogados de las partes o las propias partes no tengan dirección de correo electrónico. Del expediente no se desprende que se haya cumplido con el artículo precitado, pues no se notificó de manera adecuada a la parte recurrente.

De una lectura de la notificación de la *Orden,* nos percatamos que la misma no se acompañó de una notificación apropiada según lo exige el debido proceso de ley. Tal y como surge del derecho

anteriormente expuesto, cuando la agencia recurrida omite notificar adecuadamente a la parte recurrente se produce una notificación defectuosa que viola los preceptos del debido proceso de ley en su vertiente procesal. La *Orden* recurrida carece de finalidad hasta tanto no se notifique conforme a derecho.

### *-IV-*

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *revocamos la Resolución Sumaria* a los efectos de devolver para que se le notifique correctamente la *Orden de Mostrar Causa* y así puedan comenzar a decursar los términos.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones